UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

YOUNG MOON, M.D.          ]
    Plaintiff,          ]
                          ]
v.                        ]          No. 3:09-0036
                          ]          Judge Trauger
TENNESSEE DEPARTMENT OF   ]
HEALTH, et al.            ]
    Defendants.        ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Tallahassee, Florida. She brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Health; Shiva Bozarth, Assistant General Counsel for the Department of Health; and Dr. Kenneth Robinson, former Commissioner of the Department of Health; seeking unspecified relief.

Because the plaintiff is a prisoner suing a governmental agency and its agents, the Court is now obliged to review her complaint to determine whether she has stated a cognizable claim for relief. 28 U.S.C. § 1915A.

The plaintiff alleges that, on March 16, 2006, the defendants published defamatory statements about her on the official website for the Tennessee Department of Health. She apparently contends that the alleged defamation was in violation of her constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived her of a right guaranteed by the Constitution or laws

of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). Consequently, the Supreme Court has found that defamation is not a constitutional tort and does not state a cognizable claim under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976). Thus, the alleged defamation of the plaintiff by the defendants fails to offend the Constitution.

In any event, civil rights claims brought in Tennessee are subject to a one year statute of limitation. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997). The plaintiff's cause of action arose in March, 2006, well beyond the expiration of the limitation period. Therefore, this action is time-barred and can not proceed.

The plaintiff has failed to state a timely constitutional claim upon which relief can be granted. As a consequence, an order will be entered dismissing the instant action.

_____
Aleta A. Trauger
United States District Judge